Lisa T. Belenky (CA Bar No. 203225)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, California 94612
T: (510) 844-7107
F: (510) 844-7150
lbelenky@biologicaldiversity.org

Deborah A. Sivas (CA Bar No. 135446)
Matthew J. Sanders (CA Bar No. 222757)
ENVIRONMENTAL LAW CLINIC
Mills Legal Clinic at Stanford Law School
559 Nathan Abbott Way
Stanford, California 94305-8610
T: (650) 723-0325
F: (650) 723-4426
dsivas@stanford.edu
matthewjsanders@stanford.edu

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DESERT SURVIVORS; CENTER FOR BIOLOGICAL DIVERSITY; WILDEARTH GUARDIANS; and WESTERN WATERSHEDS PROJECT,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; and UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>Defendants. | Case No. 3:16-cv-01165-JCS<br><br>**NOTICE OF RELATED CASES AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Plaintiffs Desert Survivors, Center for Biological Diversity, WildEarth Guardians, and Western Watersheds Project hereby respectfully submit this Notice of Related Cases and Administrative Motion to Consider Whether Cases Should be Related pursuant to Civil Local Rules 3-12 and 7-11.

## STANDARD FOR RELATED CASES UNDER CIVIL L.R. 3-12

Civil Local Rule 3-12(a) defines "related cases" as those that (1) "concern substantially the same parties, property, transaction or event" and where (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a). Where a party knows or believes that an action filed in the Northern District of California is related to an action that is or was pending in the Northern District, the party files an Administrative Motion to Consider Whether Cases Should be Related. Civil L.R. 3-12(b). An Administrative Motion to Consider Whether Cases Should be Related must include the title and case numbers of all related cases and a brief description of how the actions are related given the requirements of Civil Local Rule 3-12(a). Civil L.R. 3-12(d).

## RELATED CASES

The present action, *Desert Survivors, et al. v. U.S. Dep't of the Interior, et al.*, Case No. 3:20-cv-06787-SK (hereinafter *Desert Survivors 2020*), is related to a prior case that was fully litigated in this Court, *Desert Survivors, et al. v. U.S. Dep't of the Interior, et al.*, Case No. 3:16-cv-1165-JCS (hereinafter *Desert Survivors 2016*).

Both of these actions concern the same parties, involve related underlying events, and raise the same or similar legal issues. In *Desert Survivors 2016*, the same Plaintiffs as in the present action sued the U.S. Department of the Interior and the U.S. Fish and Wildlife Service (hereinafter "Service") in the Northern District of California, alleging multiple violations of the Endangered Species Act and the Administrative Procedure Act in the Service's 2015 decision to withdraw its earlier proposal to list the Bi-State Sage Grouse as "threatened" under the Endangered Species Act. The Court agreed with Plaintiffs on summary judgment, vacating the Service's 2015

decision, reinstating the Service's earlier listing proposal, requiring a new public comment period, and rejecting the Service's definition of the statutory term "significant." *Desert Survivors v. U.S. Dep't of the Interior*, 336 F. Supp. 3d 1131, 1137 (N.D. Cal. 2018).

In 2020, the Service withdrew the Bi-State Sage-Grouse's listing again even though the outlook for the Bi-State Sage-Grouse appears poorer than before. Compl. ¶ 4. *Desert Survivors 2020* challenges the Service's new Listing Withdrawal Decision under the Endangered Species Act and the Administrative Procedure Act. The claims brought in *Desert Survivors 2020* are directly related to the claims brought in *Desert Survivors 2016*. The primary difference is that the new case challenges an updated Listing Withdrawal Decision.

For example, the first causes of action in these two cases challenge the Service's respective Listing Withdrawal Decisions as arbitrary, capricious, and contrary to the Endangered Species Act, particularly with respect to the Service's failure to adhere to the best available science in its Decisions and its improper interpretations of the Coates *et al.* studies. *Compare* Compl. ¶¶ 92-93 *with* 2016 Compl. ¶¶ 79-81. The other two causes of action in these cases include challenges to the Service's "significant portion of its range" analyses and the Service's misapplications of the "Policy on the Evaluation of Conservation Efforts" (PECE) in its respective Listing Decisions. *Compare* Compl. ¶¶ 94-101 *with* 2016 Compl. ¶¶ 82-89.

Moreover, the two cases should be related in order to prevent inconsistent judgments since the present claims specifically require the Court to determine whether the Service has cured the inadequacies addressed by the the Court's summary judgment order and judgment in *Desert Survivors 2016*. For instance, in *Desert Survivors 2016*, the Court determined that the Service's 2015 PECE analysis did not provide sufficient detail regarding the effects of various conservation efforts, and Plaintiffs allege that the Service's 2020 Listing Withdrawal Decision did not include a significantly updated PECE analysis that addresses effects. Compl. ¶¶ 79-80.

Due to the identical parties and significant overlap in factual background and legal issues in the 2016 and 2020 cases, there is a risk of conflicting results and there would be duplication of judicial labor and expense if the cases were to be heard by different judges. Accordingly, *Desert*

2
NOTICE OF RELATED CASES AND
ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

1 | *Survivors 2020* is related to *Desert Survivors 2016* and should be assigned to Chief Magistrate
2 | Judge Joseph C. Spero.

DATED: October 13, 2020          Respectfully submitted,

ENVIRONMENTAL LAW CLINIC
Mills Legal Clinic at Stanford Law School

_____
Deborah A. Sivas (CA Bar No. 135446)
Matthew J. Sanders (CA Bar No. 222757)
ENVIRONMENTAL LAW CLINIC
Mills Legal Clinic at Stanford Law School
559 Nathan Abbott Way
Stanford, California 94305-8610
T: (650) 723-0325
F: (650) 723-4426
dsivas@stanford.edu
matthewjsanders@stanford.edu

Lisa T. Belenky (CA Bar No. 203225)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, California 94612
T: (510) 844-7107
F: (510) 844-7150
lbelenky@biologicaldiversity.org

# CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2020, I electronically filed the foregoing **NOTICE OF RELATED CASES AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

Pursuant to Civil L.R. 3-12(b) a copy of the motion is served on all known parties identified below by placing a true and correct copy thereof in a sealed envelope with postage fully prepaid in the United States Mail at Stanford, California, addressed as follows:

| | |
|---|---|
| David Bernhardt, Secretary<br>U.S. Department of the Interior<br>1849 C Street, N.W.<br>Washington, DC 20240 | Aurelia Skipwith, Director<br>U.S. Fish and Wildlife Service<br>1849 C Street, N.W., Room 3358<br>Washington, DC 20240 |

A courtesy copy of the motion is lodged with the assigned Judge in the related case under Civil L.R. 5-1(e).

_____
Deborah A. Sivas